MATTER OF GUPTA

In SECTION 245 Proceedings

A-10593058

*Decided by Regional Commissioner August 21, 1964*

Since eligibility for nonquota status pursuant to the provisions of section 2, Act of October 24, 1962 (Public Law 87–885), requires that on October 24, 1962, the alien must have been the beneficiary of an approved first preference visa petition filed in his behalf prior to April 1, 1962, the beneficiary of an approved first preference visa petition filed September 25, 1959, the validity of which expired October 5, 1962, is ineligible for nonquota status under section 2 of that Act, even though a new first preference petition filed in his behalf on October 9, 1962, was approved on October 23, 1962, and is currently valid. (Cf. *Matter of Lee*, Int. Dec. No. 1387.)

DISCUSSION: The application was denied by the District Director at Philadelphia, Pennsylvania on May 27, 1964. It is now considered on certification..

The applicant is a 32-year-old unmarried native and citizen of India, who was paroled into the United States on August 12, 1963. He was previously in the United States from August 23, 1956 to June 14, 1963, and his application for the status of a permanent resident under section 245 of the Immigration and Nationality Act was filed on October 31, 1961. The applicant was then the beneficiary of a first preference petition filed by Wilson-Martin, a division of Wilson and Company, Inc., Philadelphia, Pennsylvania on September 25, 1959 granting him status under section 203(a)(1) of the Act. The petition shows him to be a research chemist.

Upon inquiry by this Service, the petitioner, Wilson-Martin, advised under date of September 18, 1962 that the services of the applicant were no longer urgently needed by that organization. Shortly thereafter, on October 5, 1962, the time for which the petition had been previously extended expired.

The applicant had left the employment of the petitioner, Wilson-Martin, on February 10, 1962 and on February 26, 1962 entered the employment of William H. Rorer, Inc., Fort Washington, Pennsylvania, continuing in the occupation of research chemist. A new first

preference petition was filed by the latter corporation on October 9, 1962. This petition was approved on October 23, 1962 and is currently valid.

On October 24, 1962, Public Law 87–885 was enacted in which section 2 extended nonquota status to certain beneficiaries of first preference petitions in the following language:

Any alien eligible for a quota immigrant status under the provisions of Section 203(a)(1) of the Immigration and Nationality Act (8 U.S.C. 1153) on the basis of a petition filed with the Attorney General prior to April 1, 1962, shall be held to be a nonquota immigrant and may be issued a nonquota immigrant visa: Provided, That upon his application for an immigrant visa and for admission to the United States or for adjustment of his immigrant status in the United States pursuant to Section 245 of the Immigration and Nationality Act (8 U.S.C. 1255) the alien is found to have retained his status as established in the approved petition. This section shall be applicable only to aliens admissible to the United States except for the fact that an immigrant visa is not promptly available for issuance to them because the first 50 per centum of the quota of the quota area to which they are chargeable is oversubscribed by beneficiaries of petitions approved by the Attorney General pursuant to Sections 203 (a)(1) and 204 of the Immigration and Nationality Act (8 U.S.C. 1153, 1154) prior to the date of enactment of this Act.

The currently valid petition entitles the applicant to a priority date of October 9, 1962 in the first preference portion of the quota for India. The quota is oversubscribed to the extent that a first preference quota number is not now available for that priority date. The application as presented cannot be granted unless the applicant is a nonquota immigrant by reason of Public Law 87–885.

Attorney for the applicant, in a brief submitted upon certification of the case, argues that an object of Public Law 87–885 was to grant nonquota status to all pre April 1, 1962 first preference filings. He relies on the ruling established in the case of Dr. Ya Pin Lee, A–10454029 decided by the Deputy Associate Commissioner, Travel Control on January 30, 1964 (Int. Dec. No. 1387), in which nonquota status was established.

In the case of Dr. Lee, on the date of enactment of Public Law 87–885 he was the beneficiary of an approved visa petition to accord him first preference classification under the quota, which had been filed prior to April 1, 1962; and it was found that when he had applied for adjustment of status he had retained the status as established in that approved petition. It was held that Dr. Lee's change of position to a new employer in substantially the same type of highly skilled work sometime after October 24, 1962, during the pendency of his application for adjustment of status, had not disturbed his eligibility for nonquota classification under section 2 of Public Law 87–885. In the present case, upon the enactment of Public Law 87–885

751

on October 24, 1962, the applicant was no longer the beneficiary of an approved visa petition filed prior to April 1, 1962 to accord him first preference classification under the quota. The validity of approval of the visa petition filed in his behalf on September 29, 1959 by Wilson-Martin had expired prior to October 24, 1962, and the new petition submitted in his behalf by William H. Rorer, Inc., had not been filed until October 9, 1962.

Attorney for the applicant argues that it was only necessary for him to have been in the employ of the first petitioner when the application for adjustment was filed and that the filing of the approved first preference petition antedate April 1, 1962, to benefit by Public Law 87-885. This view disregards the fact that on and after October 24, 1962, the status of the applicant under section 203(a)(1) of the Immigration and Nationality Act has not been on the basis of a petition filed with the Attorney General prior to April 1, 1962, but rather upon the basis of a petition filed by a subsequent employer on October 9, 1962.

It is my finding that the wording in section 2 of Public Law 87-885 "Any alien eligible for a quota immigrant status under the provisions of section 203(a)(1) of the Immigration and Nationality Act (8 U.S.C. 1153) on the basis of a petition filed with the Attorney General prior to April 1, 1962, shall be held to be a nonquota immigrant . . ." is not retroactive in scope. One of the qualifications necessary before an alien may be accorded nonquota classification under section 2 of Public Law 87-885 is that the alien, on or after October 24, 1962 when that law was enacted, must be the beneficiary of an approved first preference petition filed prior to April 1, 1962. The decision of the District Director will, therefore, be approved and the application denied.

ORDER: The decision of the District Director is approved and the application is hereby denied.